USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,                    08 Cr. 1244

    -against-

                                      OPINION

DAVID CHRISTIE, ET AL.,

        Defendants.

------------------------------------X


A P P E A R A N C E S:

    Attorneys for the Government

    PREET BHARARA
    United States Attorney for the
        Southern District of New York
    One St. Andrew's Plaza
    New York, NY 10007
    By:   Christian R. Everdell, Esq.
          Christopher D. Frey, Esq.


    Attorney for Defendant David Christie

    RICHARD H. ROSENBERG, ESQ.
    217 Broadway, Suite 707
    New York, NY 10007


    Attorneys for Defendant Gossett McPherson

    LIPMAN & BOOTH LLC
    11 Broadway, Suite 967
    New York, NY 10004
    By: Christopher Booth, Esq.

**Sweet, D.J.**

The Government has provided notice, by letter dated December 30, 2009, that it may seek to introduce at trial evidence concerning other uncharged crimes, wrongs, or acts committed by defendants David Christie ("Christie") and Gossett McPherson ("McPherson") (collectively, "Defendants").

The Government has indicated that it will introduce testimony and other evidence demonstrating that from at least in or about 1996, and continuing until in or about the period of the conspiracy charged in the Indictment, Defendants and others unlawfully conspired to import into the United States and distribute large quantities of cocaine. According to the Government, the evidence will establish that during this period, Christie and one of the Government's cooperating witnesses ("CW-1") arranged for multi-kilogram shipments of cocaine to be sent on airplanes from Jamaica to various cities in the United States, including New York, where it would be retrieved and distributed by others, including McPherson.

The Government has also indicated that it will introduce testimony and evidence demonstrating that at least in or about 1994, and continuing until in or about 1996, Christie and CW-1 arranged for multi-kilogram quantities of hashish to be sent by couriers from Jamaica to the United States.

Finally, the Government has indicated that it will introduce testimony and other evidence showing that for an approximately one to two year period in or about the late 1990s, McPherson and others conspired with one of the Government's cooperating witnesses ("CW-2") to ship multi-kilogram quantities of marijuana on flights between Jamaica to Miami for further transportation to New York and distribution.

The evidence described is admissible as direct evidence of the charged conspiracy because it pertains to the background of the conspiracy and is intertwined with and necessary to complete the story of the charged conspiracy. Furthermore, pursuant to Federal Rule of Evidence 404(b), the cited evidence is admissible to show the existence, nature, and development of the criminal relationships among the co-conspirators, and to otherwise

2

prove Defendants' motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident insofar as the evidence demonstrates the relationship of trust between the co-conspirators in this case and the development of that relationship. Although McPherson asserts that the evidence will only serve as unduly prejudicial evidence suggesting a "propensity" for criminal activity, the Court does not believe that any prejudice arising from the introduction of the evidence will outweigh its relevance and probative value. Lastly, the evidence is separately admissible, pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), as evidence against one or more of the Government's cooperating witnesses who will be testifying at trial about their involvement in the same criminal activity.

It is so ordered.

**New York, NY**
**January /2/, 2010**

ROBERT W. SWEET
U.S.D.J.