UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                       :

UNITED STATES OF AMERICA       :     **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

        - v. -             :

DAVID CHRISTIE,                :
        a/k/a "Big Man,"        :     S1 08 Cr. 1244 (RWS)

                Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of DAVID CHRISTIE, a/k/a "Big Man," (the "defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about January 19, 2011;

## I.  Background

1.      On or about May 20, 2009, DAVID CHRISTIE, a/k/a "Big Man," (the "defendant"), among others, was charged in a two-count Superseding Indictment, S1 08 Cr. 1244 (RWS) (the "Indictment"), with conspiring to distribute and possess with the intent to distribute, a controlled substance, to wit, (1) five kilograms and more of mixtures and substances containing a detectable amount of cocaine and (2) 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846 (Count One) and conspiring to import into the United States from a place outside thereof, a controlled substance, to wit, (1) five kilograms and more of mixtures and substances containing a detectable amount of cocaine from Jamaica, and (2)

100 kilograms and more of mixtures and substances containing a detectable amount of marijuana from Jamaica, in violation of Title 21, United States Code, Sections 812, 952, 960(b)(1)(B), 960(b)(2)(G), and 963 (Count Two);

       2.     The Indictment included a forfeiture allegation seeking, pursuant to Title 21, United States Code, Sections 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses alleged in Counts One and Two of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts One and Two Indictment;

       3.     On or about February 1, 2010, a jury in the Southern District of New York found the defendant guilty of the offenses charged in the Indictment;

       4.     On January 20, 2011, the defendant was sentenced and ordered to forfeit $3,150,000 in United States currency representing the proceeds obtained as a result of the commission of the offenses charged in Counts One and Two of the Indictment;

       5.     On or about January 19, 2011, the Court entered an Order of Forfeiture (the "Order of Forfeiture") imposing a $3,150,000.00 money judgment (the "Money Judgment");

       6.     The entire Money Judgment against the defendant remains unpaid;

## II.  The Location of Additional Assets

       7.     As set forth in the Declaration of Special Agent Ronald J. Hansen of the United States Immigration and Customs Enforcement/Department of Homeland Security ("ICE/DHS") (the "Hansen Declaration"), the United States has not been able to locate, obtain or

collect assets traceable to the proceeds of the defendant's offenses to satisfy the outstanding Money Judgment entered on January 19, 2011.

       8.      However, the United States has located the following assets of the defendant located in Jamaica:

    a.  The real property, improvements, and appurtenances known and described as Lot 166, located in Catherine Mount, Montego Bay, St. James, Volume/Folio: 1124/847;

    b.  The real property, improvements, and appurtenances known and described as Lot 450, Section B & D Westgate Hills, Phase 2, St. James Volume/Folio: 1307/202;

    c.  The real property, improvements, and appurtenances known and described as Lot 420, located in Hibiscus Drive, Torado Heights, Ironshore, St. James, Volume/Folio: 1060/129; and

    d.  The real property, improvements, and appurtenances known and described as Lot 1080, located in Ironshore, Taylor Road, Little River, Volume/Folio: 1270/82;

(a-d collectively, the "Substitute Assets")

       9.      As a result of acts and omissions of the defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the remaining proceeds of the offenses charged in Counts One and Two of the Indictment;

3

10.     The United States is now seeking to forfeit the defendant's interest in the Substitute Assets and to have it, once forfeited, applied as a payment towards the defendant's outstanding Money Judgment.

11.     For the following reasons, the Government respectfully requests that the Substitute Assets be forfeited to the United States, and applied as a payment towards the Money Judgment.

### III.  Discussion

12.     Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

(A)     cannot be located upon the exercise of due diligence;
(B)     has been transferred or sold to, or deposited with, a third party;
(C)     has been placed beyond the jurisdiction of the court;
(D)     has been substantially diminished in value; or
(E)     has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

13.     Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
                              ...
(B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

14.     Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is

4

unable to locate or obtain the specific proceeds of the defendant's offenses.   *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property").

       If there are persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings. *See* Title 21, United States Code, Section 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B).   Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties.   Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. Title 21, United States Code, Section 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third party claims are resolved by the Court.

[SPACE INTENTIONALLY LEFT BLANK]

## IV.  Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated:  New York, New York
        February 23, 2016


                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York


                        By:     _/s/ Christian R. Everdell_____
                                CHRISTIAN EVERDELL
                                Assistant United States Attorney
                                One St. Andrew's Plaza
                                New York, New York 10007
                                (212) 637-2556

6