```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :
                                     :
              -v-                    :          08cr1244 (DLC)
                                     :
DAVID CHRISTIE,                      :                ORDER
                                     :
                 Defendant.          :
                                     :
------------------------------------ X
```

DENISE COTE, District Judge:

On February 3, 2011, defendant David Christie ("Christie") was sentenced principally to 240 months of imprisonment by the Honorable Robert W. Sweet.  Christie requests that his sentence be reduced pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his health conditions and the COVID-19 outbreak in the Bureau of Prisons ("BOP") facility in which he is incarcerated, Federal Correctional Institution Oakdale ("FCI Oakdale").  For the following reasons, motion is denied.

On April 14, 2020, Christie, proceeding pro se, moved this Court for immediate release to home confinement due to the COVID-19 pandemic.[1]  The BOP had denied his request, observing that he had a detainer lodged against him.  The Order explained that this Court was without jurisdiction to require the BOP to place him on home confinement but described the requirements and

---

[1] The April 14 motion was received and docketed on May 13.

process for applying to the BOP and this Court for compassionate release.

On August 28, Christie requested that the Court appoint him counsel to assist him in filing a motion for compassionate release.  Counsel was appointed on September 11 and filed a petition on October 23.  On November 6, Christie submitted the BOP's October 29 denial of his request for compassionate release.  The Government opposed this application on November 20.  Christie filed a reply on November 24.

Once a petitioner fulfills the statutory exhaustion requirement, the Court may reduce the petitioner's sentence, if after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant such a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  As the Court of Appeals for the Second Circuit has explained, in the wake of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, district courts are tasked with "independently . . . determin[ing] what reasons, for purposes of compassionate release, are extraordinary and compelling."  United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).

The Government agrees that Christie's health conditions put him at a greater risk for a serious or life-threatening COVID-19 infection.  Christie is fifty-four years old.  He suffers from

several comorbidities that the Centers for Disease Control and Prevention warn increase the risk of severe illness from contracting COVID-19, including obesity, hypertension, and problems with his lungs.  Christie is currently projected to be released on February 26, 2026.  He has already served approximately twelve years of his sentence and has just over five years remaining to serve.

FCI Oakdale was the first federal prison to suffer an outbreak of COVID-19.  As of May 2020, at least eight inmates housed at FCI Oakdale had died from COVID-19.  Health protocols implemented since the early days of the pandemic, as well as other steps taken by the BOP, have improved the conditions at the facility.  As of November 20, only one inmate and seventeen staff members had recently tested positive for COVID-19.  As of December 7, two inmates and nineteen staff members had recently tested positive.  If released, Christie would be deported to Jamaica where he asserts he would live in a house with his two sons, who have agreed to take him in.

Christie's offense was serious.  The defendant was a leader for almost a decade of an international narcotics trafficking operation that included corrupt officials and airline employees at airports in Jamaica and the United States.  He was responsible for millions of dollars' worth of drugs being

smuggled into the United States.  The factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of his release. Considering those factors and the entirety of the parties' submissions, Christie has failed to show that there is an extraordinary and compelling justification for his compassionate release.  Accordingly, it is hereby

ORDERED that the Christie's application for compassionate release is denied.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail a copy of this Order to Christie at FCI Oakdale.


SO ORDERED:

Dated:    New York, New York
          December 7, 2020

_____
DENISE COTE
United States District Judge