UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :
                                     :
              -v-                    :        08cr1244 (DLC)
                                     :
DAVID CHRISTIE,                      :            ORDER
                                     :
                     Defendant.      :
                                     :
------------------------------------ X

DENISE COTE, District Judge:

On February 3, 2011, David Christie was sentenced principally to 240 months' imprisonment by the Honorable Robert W. Sweet, following his conviction at trial.  He now seeks appointment of an attorney to pursue a modification of his sentence and to contest the Bureau of Prison's determination that he is ineligible for First Step Act credits.  Christie's application is denied.

Christie exported drugs from Jamaica to the United States from 2000 through 2008.  The Pre-Sentence Report calculated a base offense level of 38, based on his role in importing 150 pounds of marijuana and 150 kilograms of cocaine, and a total offense level of 42.  The sentence of 240 months' imprisonment was substantially below the Sentencing Guidelines range of 360 months to life imprisonment.  His direct appeal from his conviction was denied.  Judge Sweet denied his § 2255 petition on May 23, 2014.

This case was reassigned to this Court in 2019, and on July 2, 2019, this Court denied Christie's Rule 60(b) motion.  On May 15, 2020, this Court denied his petition for release to home confinement.  On December 7, 2020, his application for compassionate release was denied, and on January 29, 2021, his application for reconsideration was denied.

In a letter received on October 20, 2023, Christie seeks (1) to challenge the Bureau of Prison's determination that he is ineligible to receive First Step Act credits when calculating his time until release from prison under 28 U.S.C. § 2241 and (2) appointment of counsel to pursue a reduction in sentence pursuant to Amendment 821 of the Sentencing Guidelines.

28 U.S.C. § 2241 allows a federal inmate to challenge the "execution of his sentence" after conviction, rather than the imposition of the sentence itself.  Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006).  Execution of a sentence includes "matters such as . . . computation of a prisoner's sentence by prison officials." Id. (citation omitted).  Under § 2241, however, an inmate must generally exhaust administrative remedies with the BOP before filing suit in federal court.  See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).  If an inmate is dissatisfied by the BOP's determination at that time, he may pursue judicial review of the BOP's

2

decision in a petition against the warden of the facility in which he is then confined, in the judicial district in which that facility is located.  See 28 U.S.C. § 2241(d).  Christie is imprisoned in Yazoo City, Mississippi, and accordingly any petition must be brought in the Southern District of Mississippi.

Effective November 1, 2023, in its Amendment 821, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual in two respects.  Part A amends Guidelines § 4A1.1, by reducing from two (2) points to one (1) point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points.  Part B, in the part relevant here, amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria.  The Sentencing Guidelines instruct the district court as follows:

> In determining whether, and to what extent, a
> reduction in the defendant's term of imprisonment
> under 18 U.S.C. § 3582(c)(2) and this policy statement
> is warranted, the court shall determine the amended
> guideline range that would have been applicable to the
> defendant if the amendment(s) to the guidelines listed
> in subsection (d) had been in effect at the time the
> defendant was sentenced.

U.S.S.G. § 1B1.10(b)(1).  Under § 1B1.10(b)(2), the Court may not, in most cases, "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."  Id. at § 1B1.10(b)(2).

Christie's sentencing guidelines range was 360 months to life imprisonment, based on an offense level of 42 and a criminal history category of I.  If eligible for a two-point reduction in his offense level, a sentencing range of 292-365 months' imprisonment would result.  Christie was sentenced below that range.  Accordingly, it is hereby

ORDERED that this motion is denied.

IT IS FURTHER ORDERED that the defendant is ineligible an 821 reduction because defendant's original sentence is below the reduced Guidelines range.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Christie a copy of this Order and note mailing on the docket.

SO ORDERED:

Dated:    New York, New York
          December 18, 2023

                                    _____
                                    DENISE COTE
                              United States District Judge

Copy mailed to:
DAVID CHRISTIE (#61834-054)
FCI OAKDALE-1
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
OAKDALE, LA 71463